UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND BILLIOT, JR. | CIVIL ACTION |
| VERSUS | NO: 06-11253 |
| SCHLUMBERGER NORTH AMERICA, ET AL. | SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is Defendant's Motion in Limine (Rec. Doc. 26).  For the reasons below, Defendant's Motion is **DENIED**.

**BACKGROUND**

Defendant has filed this motion in limine seeking the exclusion of three types of evidence.  The motion is filed as a single motion, in three parts.  The motion asks for:

1. To exclude the testimony of Marilyn Stanley, the plaintiff's mother-in-law;

2. To exclude photographs of the plaintiff pre-accident; and

3. To exclude testimony relating to future medical expenses.

**DISCUSSION**

A. *Pain and Suffering Witnesses*

Plaintiff intends to call three witnesses which will testify about his hospital stay and recovery.  Those witnesses are

himself, his wife, and his mother-in-law, Marilyn Stanley. Defendant objects to the calling of Ms. Stanley, stating that her testimony will be cumulative and repetitive, and that she cannot add information that cannot or will not be offered by the plaintiff and his wife.  Plaintiff argues that the mother-in-law was present with the Plaintiff while he was in the hospital and that she was present at times that the Plaintiff's wife was absent.  Further, Plaintiff's counsel indicates that the Plaintiff himself cannot be expected to remember and recall every piece of evidence from his 50+ day stay in the hospital, and that Ms. Stanley was in a good position to see the suffering, injuries and the like.  Plaintiff estimates that Ms. Stanley will take about 30 minutes on the stand, and they do not expect her testimony to overly burdensome or cumulative.

In determining whether to exclude evidence pursuant to Rule 403, a district court is invited to consider whether the probative value of anticipated testimony is substantially outweighed by "the needless presentation of cumulative evidence." *United States v. Colomb,* 419 F.3d 292, 303 (5th Cir. 2005). In general, a trial court is permitted to exclude testimony on the grounds that it will be repetitions of evidence already introduced. *See Consolidated Grain & Barge Co. v. Marcona Conveyor Corp.,* 716 F.2d 1077, 1083 (5th Cir. 1983); *United*

*States v. Haynes,* 554 F.2d 231, 233 (5th Cir. 1977). The Ninth Circuit has noted that cumulative evidence is that which "replicates other admitted evidence." *United States v. Ives,* 609 F.2d 930, 933 (9th Cir. 1979). District courts are granted broad discretion in determining whether evidence should be admitted based on considerations of relevancy and materiality. *See Marcona Conveyor Corp.,* 716 F.2d at 1083; *United States v. Cleveland,* No. 96-207, 1997 WL 2554, at *1 (E.D. La. Jan. 2, 1997) (Vance, J.).

When balancing all the factors, it is not immediately apparent that Ms. Stanley's testimony will be cumulative or repetitious. While the testimony may drift in that direction, it does appear that she will have information that is not covered by other testimony. If her testimony does become repetitive or cumulative, the Court may so limit her testimony. Accordingly, this portion of Defendant's Motion in Limine is **DENIED**.

## 2.  *Photographs*

The Defendant seeks to exclude photographs of Mr. Billiot pre-accident from evidence. Plaintiff has stated that subsequent to the filing of this motion in limine, the parties met and agreed on the photographs that will be introduced into evidence. At this time there are no photographs included in the objected to exhibit book, and that parties appear to have agreed on which photographs should be admitted into evidence. Therefore, this

portion of Defendant's Motion in Limine is **DENIED as moot.**

3. *Future Medical Expense*

Defendant seeks a ruling in limine that the Plaintiff has not met his burden of proving the existence of future medical expenses. In support of its motion, Defendant notes that the doctors who have testified by deposition are not experts in certain fields. For example, Defendant states that Plaintiff's expert, Dr. Henry, is not an expert in infertility or penile reconstruction, and therefore is unable to testify as to the need or expense of a penile reconstruction surgery, or even its necessity. Similarly, as to Plaintiff's claim that future eye surgery is needed, Defendant notes that Plaintiff's expert could not make a recommendation that future surgery would be needed.

Plaintiff, of course, disputes this reading, and notes that there are numerous experts and substantial evidence that shows the need for future surgery.

Defendant's motion is really a motion for summary judgment. A motion in limine is generally considered to be a motion regarding the admissibility of evidence. As explained by the Texas Supreme Court,

"The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial

statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which a motion in limine is intended to reach." *Bridges v. City of Richardson*, 354 S.W.2d 366, 367 (Tex. 1962).

A Pennsylvania appellate court notes that "a motion in limine is a procedure for obtaining a ruling on the admissibility of evidence prior to trial." *Commonwealth v. Maloney*, 876 A. 2d 1002, 1006 (Pa. Super. 2005).

Defendant appears to be making the argument that the evidence of future medical care should not be admitted because Plaintiff cannot prove that future medical care will be needed. However, that is a decision for the finder of fact after consideration of all the evidence. Or at the very least, it is a decision that is more appropriate for the Court to decide during a motion for summary judgment. Such is not the motion before the Court.

Therefore, this portion of Defendant's Motion in Limine is **DENIED**.

**CONCLUSION**

For the reasons stated above, Defendant's Motion in Limine (Rec. Doc. 26) is **DENIED**.

New Orleans, Louisiana this the 13th day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE